PER CURIAM.
Thomas R. Schwarz, a member of The Florida Bar, has filed a petition in this Court seeking an order enjoining The Florida Bar and its directors, officers, employees, and agents from engaging in lobbying and legislative activities prohibited by The Florida Bar re Schwarz, 552 So.2d 1094 (Fla.1989), Rule Regulating the Florida Bar 2-9.3, and unidentified federal decisions. Schwarz asserts that the Bar and certain of its officers and employees organized and work on behalf of the Florida Lawyers Association for the Maintenance of Excellence, Inc. (FLAME) and, in doing so, circumvent the prohibitions placed upon the Bar regarding the solicitation and expenditure of funds on lobbying and legislative activities. In effect, Schwarz asserts that officers of the Bar are prohibited from participating in the FLAME organization. For the expressed reasons, we deny the petition.
FLAME is a private, not-for-profit corporation that is unaffiliated with the Bar except for certain administrative support contracts. Unlike the Bar, membership in FLAME is voluntary. Because membership in the Bar is compulsory, restrictions were imposed on ideological lobbying and legislative activities under our decision in Schwarz and rule 2-9.3 to protect dissenters’ rights. These restrictions do not apply to voluntary associations of attorneys, such as FLAME. Moreover, member contributions to FLAME are voluntary. The federal limitations of Keller v. State Bar, 496 U.S. 1, 110 S.Ct. 2228, 110 L.Ed.2d 1 (1990), and Gibson v. Florida Bar, 906 F.2d 624 (11th Cir.1990), apply only to the use of compulsory bar dues on ideological of political activities. Coincidentally, FLAME has expended no funds on lobbying or legislative activities since its inception.
Although the Bar has contracted to provide certain personnel and service needs to FLAME, and has acted as the agent of FLAME for the collection, holding, and remittance of voluntary contributions, the Bar exercises no dominion or control over FLAME’s activities. The Bar maintains similar contracts with other voluntary associations of attorneys. Neither the opinions of this Court nor the Rules Regulating The Florida Bar prohibit the Bar from entering into such contracts. As required under FLAME’s contracts, the organization regularly reimburses the Bar for expenses incurred in providing personnel and support to FLAME. Further, our laws do not prohibit the Bar’s directors, officers, or employees from serving in similar positions with voluntary associations of attorneys.
*590 In summary, we find that the activities of FLAME, and the activities of the Bar with respect to FLAME, do not violate the letter or spirit of Florida or federal laws pertaining to the use of compulsory bar dues on lobbying or legislative activities. Moreover, this Court has no authority to prohibit membership in any voluntary association of attorneys because of an individual’s position in the Bar. Accordingly, we deny the petition.
It is so ordered.
KOGAN, C.J., OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ„ and GRIMES, Senior Justice, concur.